

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-28,344-37

### EX PARTE MARCUS ANTHONY GREEN, AKA MARKUS ANTONIUS GREEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-01-904200-W IN THE 167TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of practicing medicine without a license and sentenced to forty years' imprisonment. The Third Court of Appeals affirmed his conviction. Green v. State, 137 S.W. 3d 356 (Tex. App. — Austin May 27, 2004) (pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In the instant application, Applicant alleges that his conviction violates the prohibition on double jeopardy, that his conviction was obtained pursuant to an unconstitutional search and seizure, and that he was denied due process and equal protection. Additionally, Applicant claims

that he was improperly denied release to discretionary mandatory supervision.

This Court has previously cited Applicant for abuse of the writ because Applicant continues to raise grounds that were previously rejected on the merits or that should have been raised in previous applications. When an applicant has been cited for abuse of the writ, we will not consider the merits of the grounds in subsequently-filed applications unless the applicant shows that the factual or legal basis of those grounds was unavailable in a previously filed application. This Court has reviewed Applicant's claim that he was improperly denied release to discretionary mandatory supervision and has determined that it is without merit. Therefore, it is denied. Applicant's remaining claims are barred from review; as such, they are dismissed. Tex. Code Crim. Proc. art. 11.07 § 4.

Filed: April 27, 2022
Do not publish